## HOUSE OF TRE-JUR, Inc., v. COMBINE HOSIERY CORPORATION.

### Patent Appeal No. 2747.

Court of Customs and Patent Appeals. May 27, 1931.

Bair, Freeman & Sinclair, of Des Moines, Iowa (W. P. Bair, Will Freeman, and Earl M. Sinclair, all of Des Moines, Iowa, of counsel), for appellant.

Spencer A. Studwell and Harry A. English, both of New York City, and William G. Henderson, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding in which the Commissioner of Patents, reversing the decision of the Examiner of Trade-Mark Interferences, held that the opposition should be dismissed, and that the applicant, the appellee herein, is en-

titled to the registration for which it has applied.

Appellee seeks registration of a composite mark, comprising a representation of a ship, having at a masthead the representation of a flag upon which appears the word "Treasure"; across the picture of the ship appears the notation "TreZur," the top of the "T" being extended over two of the letters and joined to the top of the "Z," and the bottom of the latter letter extending beneath the two final letters of the notation. The mark is applied to hosiery.

Appellant is a large manufacturer of toilet goods, including cosmetics, perfumes, creams, lotions, etc., upon which it uses the trade-mark "Tre-Jur." Appellant and its predecessor have used said trade-mark since 1923. Appellee has used its mark since 1927. Appellant was incorporated in the state of New York in 1924 under the name of "House of Tre-Jur, Inc."

In its notice of opposition, appellant sets forth two statutory grounds of opposition:

1. The confusion-in-trade clause of section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85).

2. The clause in said section (hereinafter called the name-clause) which provides that no mark which "consists merely in the name of a * * * corporation * * * not written, printed, impressed, or woven in some particular or distinctive manner" shall be registered under the terms of the act, appellant contending that appellee has appropriated the name of appellant.

The appellant here relies only upon the second of said grounds, conceding, properly we think, that said confusion-in-trade clause is not a bar to appellee's application for registration, in view of the difference in goods to which the two marks are applied.

Both parties took testimony. We think it is established by the testimony that appellee, in adopting its mark, had no intention of appropriating appellant's corporate name or any part thereof, or of profiting by any similarity between such mark and the corporate name or trade-mark of appellant.

The Examiner of Trade-Mark Interferences held that the goods sold by the respective parties did not possess the same descriptive properties, but held that "Tre-Jur" is the distinguishing feature of appellant's corporate name, and that purchasers, seeing the mark of appellee, would be likely to infer or assume that the goods to which such mark was affixed originated with appellant. He

therefore held that the name-clause of said section 5, the clause here involved, was a bar to the registration applied for.

Upon appeal to the Commissioner of Patents, he concurred in the finding of the examiner as to the different descriptive properties of the goods of the parties. He further found, however, that appellee's mark was not the complete corporate name of appellant, and that the rule announced in the case of American Steel Foundries v. Robertson, Commissioner, et al., 269 U. S. 372, 46 S. Ct. 160, 162, 70 L. Ed. 317, was applicable, to wit, that "where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs." He then held, upon the authority of said case, that in determining such question it is proper to consider whether the articles upon which the mark is used by the opposer are not of the same descriptive properties as those put out by the applicant, since the probability of such confusion and injury in that situation obviously is more remote than where the articles are of like kind.

The commissioner thereupon held that, considering the difference between appellee's mark and appellant's corporate name, and the difference in character of goods sold by the respective parties, a denial of appellee's application was not justified, and that appellee was entitled to the registration sought.

We agree with the commissioner that the entire name of appellant has not been appropriated, and that if there be any appropriation at all, it is only of a part of such name.

Appellee contends that its mark "TreZur" does not constitute any part of the corporate name of appellant, and that the name clause of said section 5 does not purport to prevent the registration of marks which merely resemble a part of a corporate name.

Assuming, without deciding, that appellee's mark may be considered to be a part of the name of appellant, we think that, considering the difference in character of the goods sold by the parties, and the difference between appellee's mark and appellant's corporate name, no confusion would result from the use of appellee's mark, and that appellant would not be injured by such use. We do not think that any person purchasing hosiery bearing the mark "TreZur" would infer

that such hosiery was manufactured and sold by the House of Tre-Jur, whose sole business is the manfacture and sale of toilet goods such as cosmetics, perfumes, lotions, etc.

The decision of the Commissioner of Patents is affirmed.

Affirmed.